# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEITH ABSHEAR,

    Petitioner,

                          :      Case No. 3:05-cv-258

                          :      District Judge Thomas M. Rose
  -vs-                            Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

                          :

    Respondent.

## ORDER UPON INITIAL REVIEW

       This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus; Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Assignment and Reference, after transfer to this location of Court by Magistrate Judge Kemp.

       Upon preliminary consideration pursuant to Rule 4 of the Rules Governing §2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Ordinarily the Court would follow that finding with an order to Respondent to answer. However, Petitioner acknowledges in the body of the Petition that his Third Ground for Relief is unexhausted because he has a remaining procedural vehicle by which he can raised that claim (ineffective assistance of appellate counsel) in the Ohio courts.

-1-

The United States Supreme Court recently found that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 541 U.S. ___, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed, at least in part, the approach this Court had been following under *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002).

Accordingly, Petitioner shall file his motion to hold this case in abeyance pending state court decision on his Third Ground for Relief and demonstrating his entitlement to stay under the principles announced in *Rhines v. Weber, supra* not later than **August 5, 2005**.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, c/o Assistant Attorney General Stephanie Harris Watson, Habeas Unit Coordinator, 140 East Town

Street, 14th Floor, Columbus, Ohio 43215.

July 21, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

H:\DOCS\Abshear v. Moore 01.wpd